IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DOUGLAS WADE BRAITHWAITE,       :

    Petitioner,             :
                                        CIVIL ACTION 12-0748-WS-M
v.                              :
                                   CRIMINAL ACTION 10-00114-WS-M
UNITED STATES OF AMERICA,       :

    Respondent.             :

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 62). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Petitioner's Motion to Vacate (Doc. 62) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Douglas Wade Braithwaite. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma*

*pauperis*.

Braithwaite was indicted on May 27, 2010 for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Doc. 1). On August 27, 2010, Petitioner pled guilty to the charge (*see* Doc. 27). On December 1, 2010, Judge Steele sentenced Petitioner to seven years on the conviction as well as three years of supervised release following his release from prison and an assessment of one hundred dollars (*see* Doc. 36).

Braithwaite appealed his conviction (Doc. 38) which was affirmed, on December 14, 2011, by the Eleventh Circuit Court of Appeals in a written opinion (Doc. 60). That judgment was entered as mandate on January 13, 2012 (*see* Doc. 61).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on December 3, 2012 in which he raises three particular claims of ineffective assistance by his trial attorney (Doc. 62). Respondent filed a response on December 19, 2012 (Doc. 64) to which Petitioner replied (Doc. 65).

Braithwaite has asserted that his trial attorney rendered ineffective assistance in that he: (1) failed to object to the Court's reasonableness of the imposition of an upward variance of 47 months; (2) failed to know and understand law on the objection made with movant's base offense level 20 pursuant to

2

U.S. Sentencing Guidelines § 2k2.1(a)(4)(B); and (3) failed to know the law on the objection made with Movant's offense level being increased by four levels pursuant to U.S. Sentencing Guidelines § 2k2.1(b)(6) (Doc. 62, pp. 5-8). In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court defined the showing a habeas petitioner must make to prevail on an ineffective assistance claim:

> First, the defendant must show that
> counsel's performance was deficient. This
> requires showing that counsel made errors so
> serious that counsel was not functioning as
> the "counsel" guaranteed the defendant by
> the sixth amendment. Second, the defendant
> must show that the deficient performance
> prejudiced the defense. This requires
> showing that counsel's errors were so
> serious as to deprive the defendant of a
> fair trial, a trial whose result is
> reliable. Unless a defendant makes both
> showings, it cannot be said that the
> conviction . . . resulted from a breakdown
> in the adversary process that renders the
> result unreliable.

*Id*. at 687.

The Court notes that in his appeal, Braithwaite raised the claim that the district court erred in "applying a four-level enhancement, under U.S.S.G. § 2K2.1(b)(6), for possession of a firearm in connection with another felony offense" (Doc. 60, p. 2). Though somewhat lengthy, the Court will quote the Eleventh

3

Circuit's answer to that claim:

> We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 351 (2007)).
> In reviewing sentences for reasonableness, we typically perform two steps. *Id.* at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).[1] "[T]he justification for [any] variance must be sufficiently compelling to support the degree of the variance." *United States v. Irey*, 612 F.3d 1160, 1187 (11th Cir. 2010 (*en banc*)(quotation omitted), *cert. denied*, 131 S.Ct. 1813 (2011). We may not presume that a non-guidelines sentence is unreasonable and generally must defer to the district court's decision that the §

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. 6 3553(a).

3553(a) factors justify the extent of the variance.  *See id.*

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'"  *Pugh*, 515 F.3d at 1190 (quoting *Gall*, 552 U.S. at 51).  This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)."  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).  "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented."  *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted), *cert. denied*, 131 S.Ct. 2962 (2011).  We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.  *See Irey*, 612 F.3d at 1190.

Braithwaite's above-guidelines sentence was not procedurally or substantively unreasonable.  When imposing its sentence, the district court explicitly said that it had considered the § 3553(a) factors in fashioning a sentence that would accomplish the statute's sentencing objectives.  Specifically, the district court relied heavily on Braithwaite's criminal history and characteristics.  18 U.S.C. § 3553(a)(1).  The district court acknowledged that Braithwaite's seven criminal history points were only a "moderate number of

5

>points," but that Braithwaite's overall criminal history indicated that he had been in trouble with the law repeatedly since age ten.  The district court further noted that Braithwaite's criminal history indicated a "long-term trend" and "a total disregard for any kind of lawful activity."
>    Nothing in the district court's discussion at the sentencing hearing indicates that Braithwaite's criminal history was given preference to the exclusion of all other § 3553(a) factors.  In fact, the district court also explicitly noted the seriousness of Braithwaite's criminal conduct in this instance, another § 3553(a) factor.  *See* 18 U.S.C. § 3553(a)(2)(A).  As revealed by the testimony of Special Agent Johnny Thornton, Braithwaite illegally possessed several loaded firearms, and would not relinquish one of them during the execution of the search warrant, indicating that the officers faced a very dangerous situation.  Given these circumstances, it was not an abuse of discretion for the district court to conclude that an 84-month sentence accurately reflected the seriousness of Braithwaite's offense conduct.
>    Accordingly, we affirm Braithwaite's sentence because, even if there was a misapplication of the sentencing guidelines, "the error did not affect the district court's selection of the sentence imposed." [*United States v.*] *Keene*, 470 F.3d [1347,] 1349 [(11th Cir. 2006)] (quotation omitted).

(Doc. 60, pp. 3-7).

In this cited passage, the Eleventh Circuit of Appeals found that Petitioner's sentence was reasonable.  This decision goes to the very core of the claims raised in this action in

6

that Braithwaite urges the Court to find that his attorney's inaction at sentencing prejudiced him. As Petitioner's sentence was reasonable, as found by the Appellate Court, Braithwaite cannot demonstrate that he was prejudiced by his attorney's failure to raise concerns about the sentence at the sentence hearing before the trial court. All three of Petitioner's claims have been answered by the Eleventh Circuit Court of Appeals decision. These three claims lack merit.

Petitioner has raised three particular claims of ineffective assistance of his trial counsel. Those claims are without merit. Therefore, it is recommended that this petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Douglas Wade Braithwaite.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1).

7

A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the merits of a claim are reached, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Inasmuch as the Court has found that Braithwaite has failed to assert sufficient facts to support a claim of constitutional error, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. It is suggested that Petitioner will not be able to make that showing.

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2255, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 12th day of August, 2013.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE